ADAM CAMPBELL et al., executors, respondents,

*v.*

MARGARET McC'. MAGIE et al., appellants.

[Argued December 3d. 1913. Decided March 16th, 1914.]

On appeal from a decree of the court of chancery advised by Mr. Edward M. Colie, advisory master, who rendered the following opinion:

This bill is filed to quiet the title of the complainants to property which they purchased pursuant to the eleventh section of the will of Alexander Maitland, as against the claim of the devisee under the will of Mary J. Maitland, the wife of said Alexander Maitland.

The tenth and eleventh sections of the will of Alexander Maitland are the provisions of the will particularly important. They are as follows:

"*Tenth.* I give and grant unto my said executors and trustees, and the survivor of them or the one who shall qualify, full power and authority to sell any and all real estate of which I may die seized, wherever the same may be situated. at public or private sale, and at such times and upon such terms as they may deem for the best interests of my estate, and to make, execute and deliver all necessary and proper deeds of conveyance thereof; provided, however, that any property acquired by me for a city or country residence shall not be sold without the consent of my said wife first had and obtained. and to be evidenced by her uniting in the deed of conveyance thereof.

"*Eleventh.* Should my residence in either the city or country be sold as above provided, or should I not own such residence at the time of my death, my executors and trustees are hereby expressly authorized and empowered, in their discretion, upon the request of my said wife, to purchase such a residence for her out of the residue of my estate, and I direct my said executors and trustees to pay out of the income of my estate all taxes, assessments. water rents, and all charges and expenses for insurance and ordinary repairs. that may be laid, imposed or become necessary upon any property used by my said wife as a residence."

The defendant invokes the rule that the language of a will devising land to a wife is to be construed liberally.

The argument for the defendant is based upon the following propositions:

*First.* That the power of sale given in the tenth section of the will is limited to the property of which the testator died seized, and that therefore there is no power in the executors to make a sale of the property in question, and that this indicates the intent of the testator to give his wife the fee in this property.

This seems to beg the question, for, if the purchase of a home for Mrs. Maitland was a mere conversion of a part of the residue, there would arise an implied power to reconvert. It also ignores the fact that, under the provisions for the ultimate disposition of Mr. Maitland's estate, the will requires the conversion of the residuary estate into money, and its investment and distribution as money, in which event, under well-settled rules, there would necessarily be an implied power of sale.

*Second.* That, coupled with the power of sale given the executors in relation to the property of which Mr. Maitland died seized, there is a proviso that any residence of which he died seized shall not be sold without the consent of his wife, and that, when he authorized them to purchase the residence in question, without giving them a power of sale subject to a like provision as to her consent, he indicated that he intended her to have the fee of the property so purchased.

If we are right in concluding that the executors had an implied power of sale, this argument loses its force.

*Third.* That the language employed authorized the executors to purchase the residence "for her," and it is not by express terms declared to be "for her use."

This language seems to ignore the force of the word "such," referring back to the residence, to which reference is made in section 10, in which Mrs. Maitland clearly had only a life estate.

*Fourth.* That the language used in section 11 is "to purchase such a residence for her out of the residue of my estate," so taking the residence "out of the residue" of his estate, and depleting the residue to the extent of the purchase price.

The words "out of the residue" do not necessarily, and, under the provisions of this will, do not properly, imply anything more than the source from whence the consideration money is to be paid.

*Fifth.* That the testator provides that as to the residence purchased under the provisions of the eleventh section, his executors and trustees "shall pay out of the income of my estate all taxes, assessments, water rents and all charges and expenses for insurance and ordinary repairs that may be laid, imposed or become necessary upon any property used by my said wife as a residence," and that such express provision was necessary only on the supposition that Mrs. Maitland was the owner in fee of the property so purchased, inasmuch as the testator had, by the seventh section of his will, empowered the executors and trustees to take care of such charges out of the income of his estate by virtue of the direction therein that his wife was to receive the net rents, issues and profits.

Emphasis is laid upon the fact that this provision calls for the payment of insurance, which is not the ordinary duty of a life tenant, and the payment of assessments, which may be only partially the duty of a life tenant, and that these provisions are especially applicable in relation to the ownership of the fee.

It is to be noted that the charges to be paid are to be paid out of the funds given to Mrs. Maitland by the will—"out of the income" of the estate, and that we are dealing with an express provision of the will, coupled with a gift made and not with an ordinary situation. The one who takes the gift takes it subject to the conditions. The use of these words is entirely in harmony with a purpose on the part of Mr. Maitland to relieve his wife of the burden of these details, and naturally seems to indicate a purpose that the property purchased shall be properly kept up and kept free of encumbrances, and properly protected as to insurance.

Further, the words used seem to imply that extraordinary repairs are to be paid out of the *corpus* of the estate, which would indicate that the property on which such expenditures of the *corpus* might be made was a part of the *corpus*.

The argument seems to lose its force, when consideration is

42

given to the use of the words "*any.* property used by my wife as a residence." This seems to clearly indicate that the provision would apply as well to a residence of which Mr. Maitland died seized as to one acquired under the authority of the eleventh section of his will.

All these arguments seem to me to be persuasive, but not conclusive, in view of the other provisions of the will.

A reading of the entire will indicates that the residence to be purchased under the eleventh section is substitutionary for any residence which Mr. Maitland may have owned in his lifetime, and which was sold either by him in his lifetime or subsequently by his executors under the power of sale. If that is so, then the conclusion must be that Mrs. Maitland has the same interest in the substituted residence that she would have had in the original residence, and no. more. She admittedly would have only a life estate in any residence of which Mr. Maitland died seized.

An examination of the will shows that the donative provisions end with the seventh section, and that the remaining sections are directory and empowering sections, and the provisions on which the defendants rely are those found in this latter portion of the will.

It is not claimed that there is any express gift of the premises in question in explicit language to Mrs. Maitland. Substantially, the argument is that there is necessarily an implied gift.

The question is settled if there is an express gift of the entire residue to someone other than Mrs. Maitland at her death. The will makes such express gift in section 7. All the rest, residue and remainder of the estate is there given to Mrs. Maitland for life, with power of testamentary disposition of $100,000. In default thereof, a gift of that $100,000 is made to the heirs-at-law of Mrs. Maitland. The will then makes a gift in the following language: "And upon her death, I give, devise and bequeath the *balance of said rest,* residue and remainder of my estate as follows:" There are then given, by paragraphs (*a*) and (*b*) of that section, directions as to specific trusts to be set up and legacies to be paid out of the "balance of *said* rest, residue and remainder."

Paragraph (c) provides: "And the remainder, and *said* rest, residue and remainder of my estate" shall be held in trust. It is subsequently fully and finally disposed of. The provisions of section 7 make an explicit gift of the entire residue in which Mrs. Maitland has the life estate, with the exception only of the $100,000, of which she has the testamentary disposition, as stated.

With this explicit gift in the will there can arise no implied gift. I, therefore, conclude that Mrs. Maitland had only a life estate in the premises in question, and that complainants are entitled to a decree as prayed.

*Mr. Jerome D. Gedney,* for the complainants-appellees.

*Messrs. McCarter & English,* for the defendants-appellants.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Advisory Master Colie.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE—11.

*For reversal*—None.